UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROBY BENSON,

      Plaintiff,

v.

SERGEANT ADAM KUBRAK,

      Defendant.

Case No. 23-10284
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE [2, 3] AND PARTIALLY SUMMARILY DISMISSING COMPLAINT [1]**

---

Troby Benson alleges that Sergeant Adam Kubrak arrested him without probable cause and failed to "promptly" bring him before a judicial officer following his warrantless arrest in violation of his Fourth Amendment rights. (ECF No. 1, PageID.3.)

Specifically, Benson alleges that on February 2, 2020, he called 911 after his niece's boyfriend "picked up a large candle, threw it [at him], and split [his] head open[.]" (ECF No. 1, PageID.2.) Sergeant Kubrak, another officer, and paramedics soon arrived on the scene. (*Id.*) As the paramedics treated Benson, his niece told Kubrak that Benson had "pulled a gun on her boyfriend," which caused him to throw the candle at Benson in self-defense. (*Id.*) As Benson "stepped outside of the house," Kubrak arrested him for felonious assault. (*Id.*) But Benson told Kubrak that his niece was lying about the gun. (*Id.*)

Benson was taken to the hospital and later to Redford Township Jail, where he remained until his arraignment on February 5, 2020. (ECF No. 1, PageID.3, 14–20 (arraignment transcript dated February 5, 2020).) Approximately 60 hours passed between his arrest and his arraignment. (ECF No. 1, PageID.3.)

Benson says that Kubrak unlawfully arrested him and failed to promptly take him before a magistrate pursuant to Michigan Compiled Laws § 764.13. (*Id.*) So Benson filed this suit under 28 U.S.C. § 1983.

## I.

Along with his complaint, Benson filed an application to proceed without prepayment of fees or costs. (ECF Nos. 2, 3.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that they cannot pay such fees. Benson states that he is unemployed and has very limited means. (ECF Nos. 2, 3.) The Court finds that Benson is thus entitled to proceed in forma pauperis and grants his application. *See* 28 U.S.C. § 1915(a)(1).

## II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

### III.

Though the complaint is less than clear, the Court understands it to raise two claims under 42 U.S.C. § 1983: that Benson was unlawfully arrested and that there was an unconstitutional delay between his arrest and his arraignment.

The Court will take each in turn.

## A.

"The Fourth Amendment prohibits 'unreasonable searches and seizures,' not warrantless ones." *Graves v. Mahoning Cnty.*, 821 F.3d 772, 775 (6th Cir. 2016). A warrantless arrest by a law enforcement officer is "reasonable" under the Fourth Amendment when "there is probable cause to believe that a criminal offense has been or is being committed." *Id.* (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck*, 543 U.S. at 152. In general, an "eyewitness identification and accusation, by itself, is sufficient to establish probable cause" unless there is some reason for the officer to believe that the identification is untruthful or unreliable. *See Legenzoff v. Steckel*, 564 F. App'x 136, 142 (6th Cir. 2014) (citing *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)). To state a claim for an unlawful arrest, a plaintiff must allege that probable cause did not exist. *Graves*, 821 F.3d at 775.

The niece's accusation, in the context of an obvious altercation, that Benson "pointed a gun at [her boyfriend] was enough to establish probable cause for felonious assault." *See United States v. Rodgers*, No. 2:22-CR-20118-1, 2022 WL 3645992, at *3 (E.D. Mich. Aug. 24, 2022) (citing *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017) (explaining that Michigan felonious assault requires simple assault with a weapon)). Indeed, the complaint never denies that Benson drew the gun, nor does it provide any reason for Kubrak to think the niece was untruthful or unreliable. *See Ahlers*, 188 F.3d at 370 ("Plaintiffs would have to allege that the Defendants had

reason to think that Stiltner's eyewitness identification was in some way untruthful or unreliable. Plaintiffs, however, put forth no such allegations."). In fact, the complaint acknowledges that the niece was present during the altercation and when the police arrived, giving her accusation some degree of credibility. (*See* ECF No. 1, PageID.2, 7 (transcript of 911 call).) And though Benson says he told the officers that she was lying to prevent her boyfriend's arrest, officers are "under no obligation to give any credence to a suspect's story[.]" *See Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 281 (6th Cir. 2020).

So this claim will be dismissed.

## B.

Benson next alleges that his 60-hour detention following the warrantless arrest violated the Fourth Amendment's prohibition against unlawful seizures. (ECF No. 1, PageID.3.) "Under *Gerstein*, warrantless arrests are permitted but persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)). "Prompt" generally means within 48 hours of the warrantless arrest. *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009) (citing *McLaughlin*, 500 U.S. at 56). While a longer delay is not per se unlawful, after 48 hours "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Rayfield v. City of Grand Rapids, Michigan*, 768 F. App'x 495, 508 (6th Cir. 2019) (citing *McLaughlin*, 500 U.S. at 57).

Here, Benson alleges that he was arrested shortly after 8:30 p.m. on February 2, 2020 and arraigned at about 11:00 a.m. on February 5, 2020—totaling more than 60 hours. (ECF No. 1, PageID.2–3; *see also* ECF No. 1, PageID.5 (911 transcript from February 2), 14 (arraignment transcript from February 5).) So Benson has plausibly alleged that his Fourth Amendment rights were violated when he was denied a "prompt" judicial determination of probable cause. *See Cherrington v. Skeeter*, 344 F.3d 631, 644 (6th Cir. 2003).

And he has plausibly alleged that Kubrak, as the arresting officer, bears the responsibility for this violation. (*See* ECF No. 1, PageID.2.) As the Sixth Circuit has explained, courts are to "look to state law to determine who is responsible for ensuring that a judicial determination of probable cause is made within 48 hours after an arrest." *Drogosch*, 557 F.3d at 378. In Michigan, that responsibility falls to the arresting officer. *Id.* (citing Mich. Comp. Laws § 764.13).

So this claim can proceed.

## IV.

In sum, the Court GRANTS Benson's application to proceed in forma pauperis (ECF Nos. 2–3), but it DISMISSES the unlawful arrest claim. Only the claim under *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) may proceed. The United States Marshal is DIRECTED to serve Kubrak.

SO ORDERED.

Dated: February 28, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

6