UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROBY BENSON,

    Plaintiff,

v.

SERGEANT ADAM KUBRAK,

    Defendant.

Case No. 23-10284
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT [10]**

In February 2022, Troby Benson filed suit against Sergeant Adam Kubrak, alleging that Kubrak arrested him without probable cause and failed to "promptly" bring him before a judicial officer in violation of the Fourth Amendment. (ECF No. 1, PageID.3.) As relevant here, Benson alleged that, on February 2, 2020, he called 911 after his niece's boyfriend "picked up a large candle, threw it [at him], and split [his] head open[.]" (ECF No. 1, PageID.2.) Soon after, Sergeant Kubrak, another officer, and paramedics arrived on the scene. (*Id.*) While the paramedics treated Benson, his niece told Kubrak that Benson "pulled a gun on her boyfriend," which caused him to throw a candle at Benson in self-defense. (*Id.*) As Benson "stepped outside of the house," Kubrak arrested him for felonious assault. (*Id.*) But Benson told Kubrak that his niece was lying about the gun. (*Id.*)

In an opinion and order entered later that month, the Court granted Benson's application to proceed without prepaying fees or costs, dismissed Benson's unlawful arrest claim, and permitted the other claim to survive. *See Benson v. Kubrak*, No. 23-10284, 2023 WL 2267156 (E.D. Mich. Feb. 28, 2023), *available at* (ECF No. 5).

About a month later, Benson filed a motion to alter or amend judgment, arguing that the Court erred in dismissing the unlawful arrest claim. (ECF No. 10.) The motion offers a few additional facts about the arrest and says that Benson "will file an amended complaint." (ECF No. 10, PageID.46.) But it also says that the Court made a "clear error of law" when it concluded that Benson failed to adequately allege that Kubrak lacked probable cause for the arrest. (*Id.*)

For the reasons that follow, the motion will be denied.

**I.**

Though Benson styled his motion as a "motion to alter or amend judgment," no judgment has been entered in this case. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). So the Court will construe this as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h).

Motions for reconsideration are "disfavored" and "must be filed within 14 days after entry of the order[.]" *See* E.D. Mich. LR 7.1(h). Because Benson's motion was filed a month after the Court's order, it is technically late. Nevertheless, because Benson is proceeding pro se, the Court will consider his argument. Rule 7.1(h) permits a party to seek reconsideration where the court "made a mistake, correcting the

2

mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."

## II.

Benson has not shown that the Court made a mistake. As already explained, Benson's claim fails if Kubrak had probable cause for the arrest. *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). In general, an "eyewitness identification and accusation, by itself, is sufficient to establish probable cause" unless there is some reason for the officer to believe that the identification is untruthful or unreliable. *See Legenzoff v. Steckel*, 564 F. App'x 136, 142 (6th Cir. 2014) (citing *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)). To state a claim for an unlawful arrest, a plaintiff must allege that probable cause did not exist. *Sykes*, 625 F.3d at 305.

Under this standard, the Court found that "the niece's accusation, in the context of an obvious altercation, that Benson 'pointed a gun at [her boyfriend] was enough to establish probable cause for felonious assault.'" (ECF No. 5, PageID.37 (citing *United States v. Rodgers*, No. 22-20118-1, 2022 WL 3645992, at *3 (E.D. Mich. Aug. 24, 2022))).). But Benson now says that *he* was the "victim-eyewitness" who called 911, so Kubrak should have accepted his version of events and arrested the niece and her boyfriend. (ECF No. 10, PageID.47.) Accordingly, Benson argues that it is the officer's burden to prove that his accusation against them was untruthful or

3

unreliable. (*Id.*) In contrast, says Benson, the niece merely made a "naked accusation" against him that required further investigation. (*Id.*)

This is incorrect for at least two reasons.

For one, Benson claims that Kubrak lacked probable cause to arrest him. He did not—and almost certainly could not—bring a claim against Kubrak for his failure to arrest the niece and her boyfriend. So whether his 911 call might have created probable cause to arrest them is irrelevant. And in any case, as the Court already explained, officers are "under no obligation to give any credence to a suspect's story[.]" (ECF No. 5, PageID.38 (citing *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 281 (6th Cir. 2020)).) So this argument does nothing to help Benson state a claim for false arrest. *See Sykes*, 625 F.3d at 305 ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause *to arrest the plaintiff*." (emphasis added)).

For two, the Court disagrees that the niece's statement to Kubrak was a "naked accusation." (ECF No. 10, PageID.47 (citing *Rothhaupt v. Maiden*, 144 F. App'x 465, 469 (6th Cir. 2005)).) Indeed, the investigator's report attached to the complaint suggests that the officers did exactly what Benson wanted: they "investigate[d] further and [found] objective factors to corroborate [the niece's] claim" by interviewing at least two other witnesses at the scene. *See Rothhaupt*, 144 F. App'x at 469. According to the officers, the boyfriend told them that Benson "had been drinking all day and had been confrontational with everyone in the house." (ECF No. 1, PageID.12.) When Benson confronted the boyfriend, he explained that the niece

4

stepped between them. (*Id.*) At that point, the boyfriend alleged that Benson "produced a black semi-auto handgun" and threatened to "fuck him up." (*Id.*) The niece pulled him away, but when Benson advanced again, the boyfriend picked up a candle and threw it at Benson. (*Id.*) For her part, the niece agreed with this story and said that she saw Benson "threaten" her boyfriend with the gun. (*Id.* at PageID.13.) And another witness at the house told the officers that, though she did not witness the altercation, she had seen Benson with a gun "a few weeks earlier," even though he was a convicted felon. (*Id.*) The report noted that, due to Benson's "head injury and his being intoxicated, he was not interviewed." (*Id.*)

So, as explained in the prior order, there was sufficient probable cause for Benson's arrest. *See United States v. Rodgers*, No. 22-20118-1, 2022 WL 3645992, at *3 (E.D. Mich. Aug. 24, 2022) (citing *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017) (explaining that, in Michigan, felonious assault requires simple assault with a weapon)). And to the extent that Benson argues that the arrest for felonious assault was unlawful because he was only charged with being a felon in possession of a firearm, that argument fails, too. *See D.C. v. Wesby*, 138 S. Ct. 577, 585 n.2 (2018) ("Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking.").

### III.

For the foregoing reasons, Benson's motion for reconsideration is DENIED. (ECF No. 10.)

If Benson still wishes to amend his complaint, he must do so in accordance with Rule 15 of the Federal Rules of Civil Procedure. *See Frazier v. Colthfelt*, No. 19-10389, 2020 WL 914323, at *4 (E.D. Mich. Feb. 7, 2020), *report and recommendation adopted,* No. 19-10389, 2020 WL 905746 (E.D. Mich. Feb. 25, 2020) ("[W]hether a plaintiff can amend post-dismissal [under § 1915] depends . . . on Rule 15 and other general rules of procedure.").

SO ORDERED.

Dated: April 18, 2023

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE