UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROBY BENSON,

     Plaintiff,

v.

SERGEANT ADAM KUBRAK,

     Defendant.

Case No. 23-10284
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT [41]**

---

In February of 2020, Benson was arrested for felonious assault. He had called 911 after his niece's boyfriend threw a candle at him, but when officers arrived Benson's niece told them that her boyfriend threw the candle in self defense after Benson threatened him with a gun. (ECF No. 1, PageID.2.) Benson was arrested, treated at the hospital for a head injury, and transported to the local jail. (*Id.* at PageID.2–3.) Meanwhile, based on witness statements from Benson's niece, her boyfriend, and Benson's sister (the homeowner), officers obtained a search warrant for Benson's bedroom, where they found a firearm. (*Id.* at PageID.12–13.) Because Benson had numerous prior felony convictions, he was charged with being a felon in possession of a firearm, along with three other gun-related offenses. (ECF No. 29-8); *see People v. Benson*, No. 20-001708-01-FH (Wayne Cnty. Cir. Ct. Feb. 5, 2020), *available at* (ECF No. 29-10). At his arraignment and probable cause determination hearing, which occurred approximately 62 hours after his arrest, the state court

magistrate judge found probable cause to issue the four-count arrest warrant for Benson. (ECF No. 1, PageID.3, 14–21.) Benson eventually pled guilty to being a felon in possession of a firearm, and the other three counts were dismissed. (ECF No. 29-12.)

In 2023, Benson filed a *pro se* lawsuit against Redford police sergeant Adam Kubrak, one of the responding and arresting officers, for false arrest and unconstitutional delay between Benson's warrantless arrest and probable cause determination. (ECF No. 1.) The Court promptly granted Benson's application to proceed *in forma pauperis* and dismissed his false arrest claim, concluding that Benson had failed to adequately allege the absence of probable cause. *Benson v. Kubrak* ("*Benson I*"), No. 23-10284, 2023 WL 2267156 (E.D. Mich. Feb. 28, 2023), *available at* (ECF No. 5). On Benson's motion for reconsideration, the Court reiterated that conclusion and affirmed its partial dismissal. *Benson v. Kubrak* ("*Benson II*"), No. 23-10284, 2023 WL 2987557 (E.D. Mich. Apr. 18, 2023), *available at* (ECF No. 14). Following the close of discovery, Kubrak moved for summary judgment on Benson's remaining Fourth Amendment claim. The Court agreed that Kubrak was entitled to qualified immunity and granted summary judgment. *Benson v. Kubrak* ("*Benson III*"), No. 23-10284, 2024 WL 4354849 (E.D. Mich. Sept. 30, 2024), *available at* (ECF No. 39). While Kubrak had violated Benson's constitutional right ("Benson was not given a probable cause determination for more than 48 hours, and Kubrak fails to show extraordinary circumstances"), the right was not clearly established at the time of the violation ("what was far less clear [at the time of

Benson's arrest] was what, if any, affirmative duties Kubrak had to ensure Benson's prompt probable cause determination"). *Id.* at *4–5. That decision ended Benson's case. (*See* ECF No. 40.)

Benson now seeks to reopen it. He moves for relief from the judgment under Federal Rule of Civil Procedure 60(b)(3) and (6). For the reasons below, the Court denies Benson's motion.

# I.

Post-judgment relief under Federal Rule of Civil Procedure 60(b)—the reopening of a case—is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). Indeed, "the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see Massi v. Walgreen Co.*, 337 F. App'x 542, 548 (6th Cir. 2009) (per curiam) ("To give [the plaintiff] a second opportunity to litigate these issues would destroy the near paramount interest our judicial system places on the 'finality of judgments and termination of litigation.'"). The party seeking Rule 60(b) relief "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

A motion under Rule 60(b) is "neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). "The ground for setting aside a judgment under Rule 60(b) must be something that could not have

been used to obtain a reversal by means of a direct appeal." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). "The purpose of a Rule 60(b) motion . . . is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation." *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-01455, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023). So "[a] proper Rule 60(b) motion 'attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal [] proceedings.'" *U.S. ex rel. Oakes v. Cinnaire*, Nos. 20-1911, 20-1938, 2020 U.S. App. LEXIS 38037, at *3 (6th Cir. Dec. 4, 2020) (omission in original) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). It "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Arsan v. Keller*, 784 F. App'x 900, 917 (6th Cir. 2019).

But Benson's motion seeks this second chance. He essentially reargues his response to Kubrak's motion for summary judgment. (*Compare* ECF No. 36, PageID.284–285, *with* ECF No. 41, PageID.324–326.) He points to the same alleged inconsistencies between different aspects of the record, and between the record and the documents he obtained via his pre-judgment Freedom of Information Act requests (described below), that he recited in his summary judgment response, claiming here as there that Kubrak "committed perjury and fraud and presented a false police report to obtain qualified immunity and summary judgment." (ECF No. 41, PageID.324; *see* ECF No. 36, PageID.282); *see also Benson III*, 2024 WL 4354849, at *2.

4

The Court will briefly summarize Benson's arguments, many of which involve officers other than Kubrak—Detective/Sergeant Jeffrey Bero, who obtained the search warrant and served as "Officer in Charge" following Benson's arrest; Officer Makayla McCarthy, Kubrak's trainee who responded to the 911 call with Kubrak and wrote a police report after she and Kubrak returned to the station; and Lieutenant John Butler, who advised Bero the night of Benson's arrest that a felonious assault had occurred and approved McCarthy's report the following morning. *See Benson III*, 2024 WL 4354849, at *4; (ECF No. 29-6, PageID.192–196.)

Benson first points to an alleged contradiction between statements by Bero and McCarthy concerning the execution of the search warrant. He asserts that Bero stated in his preliminary examination testimony and "in the Felony Complaint [he] drafted against [Benson]" that he searched Benson's room "by himself," while McCarthy's police report said she held the gun while Bero swabbed it, "making the police report a false police report." (ECF No. 41, PageID.324–325.) Benson made the same argument in his summary judgment response. (ECF No. 36, PageID.285.)

Benson's next arguments stem from various records related to his arrest, which he obtained before filing suit in 2023 and many of which he attached to his summary judgment response. (*Id.* at PageID.286, 289, 291, 293.) So the Court has already considered these, as well. Benson explains that in 2022 he submitted two Michigan Freedom of Information Act Requests for Public Records to the Redford Township Police Department. (ECF No. 41, PageID.324–325, 327, 329.) In response, he received an activity log with time stamps of each officer's dispatch to and from his home the

night of his arrest (*id.* at PageID.328), copies of each police radio transmission concerning his 911 call and arrest that night (*id.* at PageID.330), and a Certificate Regarding Non-Existent Records from the Redford PD records clerk stating that "the Redford Township Police Department is not in possession of any phone calls between Sgt. Bero and Lt. Butler and/or Sgt. Bero and Det. Kubrak from on or around 02/02/20 at 2120 hours (the date and time listed in the report)" (*id.* at PageID.331). Benson also "requested to know when Det/Sgt. Jeffrey Bero was assigne[d] OIC (Officer in Charge) in his case and received from the Records Clerk a CLEMIS (Courts and Law Enforcement Management Information System) report that Det/Sgt. Bero was not assigned the OIC until 9:01 am February 3, 2020." (*Id.* at PageID.325 (parentheticals added) (citing *id.* at PageID.332).) Finally, Benson "did a FOIA request with the Clerk of the 17th District Court for a copy of the search warrant affidavit" but was told in a March 2022 letter "that the search warrant is a document produced by the police department and is not a part of [Benson's] case file at the court, that it is not the court's document to provide." (*Id.* at PageID.325–326 (citing *id.* at PageID.333).) (That said, the search warrant was attached to Benson's summary judgment response (ECF No. 36, PageID.290) as well as to Kubrak's motion for summary judgment (ECF No. 29-6, PageID.205).)

Benson makes a series of observations based on the records he received. He states that the radio transmission records "do not contain any call-in of [his] arrest or of any officer being advised that Det/Sgt. Bero would be responding to the scene . . . with a search warrant" (ECF No. 41, PageID.325) and that "the Records

6

Clerk of the Redford PD certified that there [are] not records of any phone calls between Sgt. Bero and Lt. Butler and/or Sgt. Bero and [Kubrak]" (*id.*; *see* ECF No. 36, PageID.284 (same)). Further, says Benson, the activity log/dispatch card shows that McCarthy and Kubrak "report[ed] . . . leaving [Benson's] residence at 9:50 p.m." the night of his arrest, while the search warrant and supporting affidavit contain a handwritten timestamp of 11:45 p.m. (ECF No. 41, PageID.324; *see* ECF No. 36, PageID.284 (same); *see also* ECF No. 29-6, PageID.205–206 (search warrant and affidavit).) Finally, Benson points out that according to the CLEMIS report, Bero "was not assigned the OIC until 9:01 am [on] February 3, 2020." (ECF No. 41, PageID.325; *see* ECF No. 36, PageID.285 (same).) Although Benson does not tell the Court what to make of the CLEMIS report, he presumably intends to show a discrepancy between the recorded OIC-assignment time and the representations of Redford police officers that Bero executed the search warrant and located the firearm in Benson's bedroom hours earlier.

Based on these purported inconsistencies, Benson asserts that Kubrak "committed perjury in violation of 18 U.S.C. § 1623 and presented a false police report to obtain qualified immunity and summary judgment" (ECF No. 41, PageID.336) and "request[s] that the Court . . . set [his] unconstitutional delay claim for trial" (*id.* at PageID.326).

However, Benson fails to justify post-judgment relief under Rule 60(b).

For starters, as mentioned, Benson's motion largely restates arguments he made in his summary judgment response—arguments that the Court specifically

addressed in its opinion granting Kubrak's motion for summary judgment. *See Benson III*, 2024 WL 4354849. The Court explained that Benson's response to Kubrak's motion "focuse[d] on only his dismissed false arrest claim—the facts surrounding his initial arrest, officers' search of his home after he was transported to the hospital, and his belief that Kubrak 'is commit[t]ing perjury . . . to cover up the facts that he did not have probable cause to arrest [Benson] for felonious assault.'" *Id.* at *2. But Benson's false arrest claim was no longer at issue on summary judgment. So Benson could not rebut Kubrak's qualified immunity defense to his unconstitutional delay claim by alleging perjury related to the arrest. To the extent that Benson now seeks relief from that order granting summary judgment (*see* ECF No. 41, PageID.334, 336), he cannot obtain such relief by making the same arguments.

Even generously construing Benson to be seeking relief from the Court's much earlier dismissal of his false arrest claim (and even assuming that such a motion would be cognizable under Rule 60(b)) does not save the day. Again, "Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple"—and certainly not a third bite, following the Court's denial of Benson's motion for reconsideration on the same claim. *Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 466 (6th Cir. 2017).

On its own, Benson's attempt to relitigate issues already decided warrants denial of the motion. But the Court will briefly address the two specific Rule 60(b) provisions that Benson relies on here: "fraud . . . , misrepresentation, or misconduct

by an opposing party," Fed. R. Civ. P. 60(b)(3), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). (ECF No. 41, PageID.318.)

Start with subsection (3). "The sort of 'fraud' with which Rule 60(b)(3) is concerned is conduct by an opposing party or witness during the litigation that 'prevented the moving party from fully and fairly presenting his or her case.'" *Jasper v. Rockensuess*, No. 04-70067, 2006 WL 2811301, at *2 (E.D. Mich. Sept. 28, 2006) (citing *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996)). "Ordinarily, a movant must show that there was 'misconduct [not] known to the movant before judgment entered,' and 'that the misconduct adversely affected the fairness of the proceedings.'" *Oko v. City of Cleveland*, No. 21-2222, 2023 WL 6466160, at *8 (N.D. Ohio Oct. 4, 2023) (alteration in original) (quoting *Kline v. Mortg. Elec. Registration Sys.*, No. 08-408, 2016 WL 3926481, at *3 (S.D. Ohio July 18, 2016), *aff'd*, 704 F. App'x at 466–67; *see Info-Hold*, 538 F.3d at 455. Thus, Benson's arguments about misconduct during the underlying police investigation or resulting charges against him do not come within the meaning of Rule 60(b)(3) fraud. And given that Benson already raised these arguments at summary judgment, he clearly cannot show he did not know about the alleged misconduct "before judgment entered." *Oko*, 2023 WL 6466160, at *8; *see Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 830 (6th Cir. 2014).

Nor do any of Benson's claims establish by clear and convincing evidence that Kubrak knowingly misrepresented or deliberately concealed any material facts, *see Info-Hold*, 538 F.3d at 456 (denying Rule 60(b)(3) motion where plaintiff "has failed

to establish by clear and convincing evidence that [defendant] either affirmatively misrepresented" a material fact "or deliberately breached a duty to disclose information"). "Even with a charitable reading of [plaintiff's] motion, []he merely points out minor inconsistencies in the [defendant's] testimony. . . . Any inconsistencies simply do not rise to the level of perjury." *Henderson v. Matthews*, 570 F. Supp. 3d 272, 279 (E.D. Pa. 2021); *accord Othman v. City of Chicago*, No. 11-5777, 2016 WL 612809, at *2 (N.D. Ill. Feb. 16, 2016) ("Merely pointing out an inconsistency in testimony—absent any proof that the trial testimony was actually false—is insufficient to warrant the 'extraordinary remedy' of a new trial [under Rule 60(b)(3)].").

Benson's motion likewise fails under Rule 60(b)(6)'s catchall provision. As Kubrak correctly points out, Benson's arguments under subsection (3) make relief unavailable under subsection (6). (*See* ECF No. 42, PageID.348.) "[A] motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008); *see McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002) (explaining that subsections (6) and (1) are "mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable"). And "because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," *McCurry*, 298 F.3d at 595, relief under subsection (6) is limited to "the most unusual and extreme situations," *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir.

10

2018), "where principles of equity *mandate* relief," *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741, 750 (6th Cir. 2013); *see Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) ("Particularly strict standards apply to motions made pursuant to Rule 60(b)(6) . . . ."); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Courts, however, must apply subsection (b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present.'").

And even assuming Benson could proceed under Rule 60(b)(6), he does not point to any "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 528. Indeed, Rule 60(b)(6) relief is unavailable where a plaintiff "merely raises the same arguments this Court has previously considered and rejected." *Gales v. Charles*, No. 23-328, 2023 WL 3984311, at *3 (S.D. Ohio Apr. 4, 2023) (quoting *Penney v. United States*, Nos. 04-46, 11-35, 2015 WL 13664075, at *3 (E.D. Tenn. Nov. 24, 2015)); *see Prows v. City of Oxford*, No. 22-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) ("[Plaintiff] reiterate[s] the issues, cases, and reasoning contained in his previous filings, which the Court already considered in reaching its previous judgment. And he has shown no extraordinary circumstances that justify applying Rule 60(b)(6)." (citation omitted)).

## II.

For the reasons above, Benson is not entitled to relief under Rule 60(b). Accordingly, the Court DENIES Benson's motion for reconsideration. (ECF No. 41.)

SO ORDERED.

11

Dated: July 28, 2025

                                s/Laurie J. Michelson
                                LAURIE J. MICHELSON
                                UNITED STATES DISTRICT JUDGE